O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

LARRY HISTON,                    )   NO. CV 09-1261-CAS(E)
                                 )
              Petitioner,        )
                                 )
      v.                         )   ORDER OF DISMISSAL
                                 )
R. WONG,                         )
                                 )
              Respondent.        )
_____ )


    Petitioner filed a "Petition for Writ of Habeas Corpus By a
Person in State Custody" on February 23, 2009.  The Petition seeks
relief in connection with a 1995 Norwalk Superior Court conviction in
case No. VA02207401 (Petition at 2, 5-6(a)).  Petitioner previously
sought relief in connection with this same conviction in a habeas
corpus petition filed in this Court in 1997.  See Histon v. Smith, CV
97-4666-CAS(BQR) ("the prior habeas action").  On September 24, 1998,
this Court entered Judgment in the prior habeas action, denying and
dismissing the prior petition on the merits.

///

///

1       The Court must dismiss the present Petition in accordance with

2   28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and

3   Effective Death Penalty Act of 1996").   Section 2244(b) requires that

4   a petitioner seeking to file a "second or successive" habeas petition

5   first obtain authorization from the court of appeals.   See Burton v.

6   Stewart, 549 U.S. 147, 127 S. Ct. 793, 799 (2007) (where petitioner

7   did not receive authorization from Court of Appeal before filing

8   second or successive petition, "the District Court was without

9   jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d

10  1100, 1111 (9th Cir. 2000) ("the prior-appellate-review mechanism set

11  forth in § 2244(b) requires the permission of the court of appeals

12  before 'a second or successive habeas application under § 2254' may be

13  commenced").   Contrary to Petitioner's suggestion, a petition need not

14  be "repetitive" to be "second or successive," within the meaning of 28

15  U.S.C. section 2244(b).   Miles v. Mendoza-Powers, 2007 WL 4523987, at

16  *2-3 (E.D. Cal. Dec. 19, 2007) (subsequent petition alleging different

17  claims but challenging the same judgment challenged in a prior habeas

18  petition is "second or successive").   Petitioner evidently has not yet

19  obtained authorization from the Ninth Circuit Court of Appeals.

20  Consequently, this Court cannot entertain the present Petition.   See

21  Burton v. Stewart, 127 S. Ct. at 799; see also Dews v. Curry, 2008 WL

22  590476, at *3 (E.D. Cal. Feb. 29, 2008) (without Court of Appeals'

23  authorization, "this court lacks jurisdiction to consider the

24  petition").

25  ///

26  ///

27  ///

28  ///

1    For all of the foregoing reasons, the Petition is denied and

2 dismissed without prejudice.[1]

3

4    LET JUDGMENT BE ENTERED ACCORDINGLY.

5

6    DATED: February 24, 2009.

7

8

9                        _____

10                       CHRISTINA A. SNYDER
                         UNITED STATES DISTRICT JUDGE

11

12

13

14 PRESENTED this 24th day of

15 February, 2009, by:

16

17        _____/S/_____

18   CHARLES F. EICK
   UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24 _____

25    [1]   The Court observes that the present Petition represents
   Petitioner's fifth unsuccessful attempt to pursue a "second or
26 successive" habeas petition in connection with the confinement
   resulting from Petitioner's 1995 conviction.  See Histon v.
27 Ayers, CV 06-6439-CAS(E); Histon v. Ayers, CV 06-4778-CAS(E);
   Histon v. Woodford, CV 04-8755-AHS(E); Histon v. Woodford, CV 04-
28 5885-JVS(E).